Good morning. May it please the court, Eugene Hanson for the appellant David Elmore. And with me today, this morning, is Mr. Elmore. The government has conceded that the judgment entered below is infirm and unsupported by appropriate evidence and must be vacated. The question before this court is the appropriate scope of the remand. The government wants a general remand to literally start this case anew after six years of litigation and thereby erase its six years of what it describes as litigation mistakes. This court, however, should end this litigation and should direct the district court to enter judgment in favor of Mr. Elmore. Well, just because he doesn't lose, I'm having trouble figuring out why he automatically wins, which is kind of what you're saying. What's your best case for why we would do that on appeal rather than through a remand? The district court denied Mr. Elmore's motion for summary judgment on the basis of the law of the case doctrine. So the question becomes, what is the standard of review that this court has in reviewing the district court's decision to apply the law of the case? And this court has recognized on many occasions that the law of the case doctrine is discretionary and therefore this case reviews the application of the law of the case for an abuse of discretion. And there's an abuse of discretion when the district court applies a clearly erroneous decision. And that's what happened in this case. District court applied a clearly erroneous decision to deny Mr. Elmore's motion for summary judgment. Essentially what the district court held, and this is in its March 2006 order, is that Mr. Elmore had no ability whatsoever to challenge the government's assessments against him. That the government didn't have to put forward any evidence in support of its claims. And that was a clearly erroneous decision. This court's, this circuit's precedent proves the point. And in particular the Palmer case. That doesn't quite answer to me. Let's just say that the government was wrong for pursuing the theory. Let's just say the district court was wrong for abiding. And that alone of course would cause reversal of the summary judgment. Correct. But I'm having trouble jumping to the next step which says, oh, you know, that was wrong. But now you have to look at it, you know, I don't know what else is there. I mean, so I'm not sure we look at that anew when it's been the denial of a summary judgment. I mean, I'm agreeing on that point that, you know, that you're telling me, I'm not seeing anything in the record that says that you win. I may see things in the record as to, I mean, the government concedes error if we find jurisdiction to hear this. But the record before us doesn't tell us that Mr. Elmore wins as a matter of law. Well, I think so, Your Honor. And the case here is the Supreme Court's decision in Selatex. So when a party moves for summary judgment, saying that the other party that has the burden of proof didn't put forward any evidence. Well, then you say they're not entitled to summary judgment. But you don't say that the other side wins. No, no, you do say the other side wins, I believe, Your Honor. Because under Selatex, where the government has the burden of proof, and I say in my motion for summary judgment, the government doesn't have any evidence. Then under Selatex, the government has the absolute burden of putting forward some evidence. And under the Anderson v. Liberty Lobby line of cases, not just some evidence, but evidence that would withstand a motion for judgment at trial, enough evidence to establish a genuine issue of material fact. And the government didn't do that. And, in fact, they concede the point that they didn't put in sufficient evidence to withstand Mr. Elmore's motion for summary judgment. Okay, well, so that I understand, and I have some sympathy for that, because you basically are saying they shouldn't get a redo. Correct. Basically. If, was discovery closed? It's funny how this case procedurally happened, and there are a lot of twists and turns. But there was no order addressing the close of discovery at all. Things just happened, and the government relatively quickly moved for summary judgment. As I said, without putting forward any evidence in support of judgment, as they now concede, and the district court improperly granted that motion in part, and then Mr. Elmore filed for summary judgment. So the court should have addressed that motion on its merits rather than apply the law of the case doctrine. And just to remind me, there was cross motions for summary judgment. Sort of. Sort of. Not exactly. First the government moved for summary judgment, which the district court granted in part, saying that the government had valid assessments that could be reduced to a money judgment. And the district court left open the issue as to whether the government could foreclose on its tax rates. Right. So two weeks after that order, which was March 2006, Mr. Elmore moved for summary judgment. Right. And then a week after that, the government moved for summary judgment and opposed Mr. Elmore's motion. And on appeal is the grant of summary judgment in favor of the government and the denial of his summary judgment? Correct. We appealed from the judgment, and so the judgment would encompass all prior orders, including the order denying Mr. Elmore's motion for summary judgment. But then, of course, because there's a contention that it's not a final order to appeal, then there was some activity in the district court where the district court said, I can't do anything because it's on appeal. Well, that's another strange procedural twist and turn in this case. Although once there's a judgment, the denial of his motion is part and parcel of the package for appeal. Correct. But the denial of his motion was before judgment was entered. Correct. So it was interlocutory. So the court didn't have to follow its prior order, but it did do so. And it's our argument that that prior order that it followed was clearly erroneous, and it's an abuse of discretion to follow, under the law of the case, a clearly erroneous decision. Well, you couldn't have made it any more confusing. If I can clarify anything. No, I mean, you've actually laid it out quite nicely. It's just a bizarre procedural posture. Right. With government and with the court's permission, I'll reserve the balance of my time to rebuttal. May it please the court. My name is Theresa McLaughlin, and I represent the government. And unless the court had another preference, I was going to address the appealability of the order from which the appeal is taken and explain that our position that the appeal is interlocutory. Well, I guess, you know, I'm trying to see this from the government's perspective of why, you know, on the one hand you're conceding error, but then you're fighting this tooth and nail. And, you know, I mean, obviously we take our jurisdiction very seriously. But if, you know, there is authority for the practical approach that there's really nothing else to do but execute it. You know, if this were not appealable, then Mr. Elmore would be at the whim of the government whenever they decide to get to something that he, you know, he doesn't really have any say about, per se. And I know it may be surprising to you, but for those of us that have worked for the government for a long time, sometimes the government doesn't move that quickly. So, you know, actually then if this were not appealable, I mean, he could be left forever waiting for the government deciding whether it's going to shut down or not or whatever it's going to do. Well, the district court actually set two time deadlines. One was 15 days for the judgment and then 30 days after that for the order of sale. So the court is, you know, was setting the timetable, and the government actually got the time for the order of stay suspended. So what's your tactical, you know, I want to know, what's your tactical advantage for saying that there's no jurisdiction? How does that help you further your cause? Well, there's two aspects to that. One is just the general policy against piecemeal appeals, that there should be only two appeals in a foreclosure action, one from the order of sale and one from the order confirming the sale. And in the circumstances here presented, there's a possibility that if jurisdiction over this appeal is recognized, there will have to be a third appeal, which would be the second to go over the correctness of the order of sale. And so we don't think that the court was really done with this at all. Well, here's the question. Maybe they're not, quote, done. The question is, is this a final appealable order? And here's what it said. It's ordered and adjudged. First of all, they granted in the end your motion for summary judgment, correct? Yes. And they denied his motion for summary judgment, correct? Yes, Your Honor. So then you've won your judgment, and now it's ordered and adjudged that the tax liens, et cetera, et cetera. What's more to be ---- And you present the judgment to the courts. That's a final judgment. But you present it, don't you? Yes. That's the judgment that the court signs. The court, yes. But the courts, I don't think that even this is final. I don't think that there's ---- It's not a case where there are many ministerial things to be done. The court did say the government is entitled to have its liens foreclosed and is entitled to a sale. And in doing that, what it is doing is it's looking to the part of Section 7403C that says the court may order a sale. And it's gone through the four-factor test in the Rogers case for ---- Let me just stop you for a second. Forget all that. We're trying to look at the judgment here. Pursuant to the court's order dated June 2, 2006, the United States should submit a proposed order of sale of the property within 30 days of entry of the judgment. Okay. Yes. Within 30 days of what day did you need to do that? Of the entry of judgment. When was judgment entered? In 2006, I believe. Wait a second. No. That wouldn't make any sense. By 2008, you would have missed 30 days from 2006. So that can't make any sense. The government got an extension. But the court had said we have to put ---- Well, what's the date of judgment? I mean, a judgment, if you look at what's appealable, a final judgment is appealable.  When is the day of judgment? March 14, 2008. And the government got an extension. That's the date of judgment. That's the date of the entry of the thing called judgment. But looking at things in context, the court, yes, in the second order on granting summary judgment on the lien foreclosure, the court decided, yes, as a matter of discretion, this property can be sold. But what it hasn't conclusively done yet is the other language in Section 7403C that requires the court to make findings and conclusions regarding who gets what. And the Supreme Court ---- Did you go back when you got this order and say, Judge, this isn't a judgment? Did you do that right away? I don't understand. Well, and the court had said ---- Let's just get it straight. Did you then say to the court, hey, this says judgment, but this isn't really a judgment, so stop, hold the presses, no appeal, nothing. Well, the court ---- Yes or no, did you do that on behalf, not you, but did the government do that? No, but I want to call the court's attention to ---- Okay, well, you know, it would help us if you would answer our questions instead of fighting with us, okay, which you've done from the minute you came up here. We're dealing with an order from the district court. You're fighting jurisdiction very, very hard for the reasons you explained at the outset. But we're dealing with an order entered by the court which says entry of judgment, which is apparently March 14th, 2008. So our questions are important as to what happened, not some theoretical statute or what might have happened. We're trying to find out what did happen. Well, I'm sorry, Your Honor. In the order, the second partial summary judgment orders, before the court calls for the government to submit a judgment in order of sale, the court said at ER 22, the court orders the government to accompany each submission of proposed order for judgment with a clear and cogent explanation of its basis. So the court had said earlier in its first order granting partial summary judgment to the government on the assessments that it, quote, will not enter a final judgment in this action until the government discloses how much it has recovered in its parallel collection proceedings against Mr. Elmore. When is this? That was ER 30. But is that before the March judgment? What date is that? That was in 2005. And then the government did submit the judgment. So the government has addressed the court's concern about, did the taxpayer get credit for the parallel administrative collection proceedings against the taxpayer's rent in Washington property? But there's another thing that still has to be decided, and that is how much money the senior lien holder gets. Well, counsel, I am sympathetic to the government's efforts here to try to fix this. Something has gone wrong, and I understand that the government is trying to fix it. The government doesn't want this court to step in, but wants it somehow to get back, I guess, to the district court to fix it. But I don't see any indication here that the district court is going to fix it. The district court, the last thing that I see in the district court, I may have missed something, is that you tried to file a 60B motion, and the district court denied it as untimely. So it seems to me, at least, that if this court doesn't step in and do something, that I don't see any indication that anything is going to happen in the district court. It appears, as Judge McEwen's questioning, I think, was leading, is that it was a final judgment and nothing's happening there. I think once a notice of appeal is filed, a court may feel that its jurisdiction is divested, and we did get a limited remand for consideration of the 60B order, and that may be right. But on the finality, you know, we... See, I'm not finding the language that you quoted in 2005 helpful for you. I'm finding that supportive of the fact that three years later when the court, when these things were done, everyone thought it was a judgment. Well, what we're concerned about is the court's obligation under Section 7403B to conclusively determine the rights of third parties in the property. And in the stipulation that Ms. Gooding was a senior lien holder, she was allowed to keep receiving and keep payments on the $10,000 debt that was ahead of the government's. And then that was as of 2005. So some determination is required to determine. And it turned out that in opposing our motion to dismiss, the taxpayer said, I paid off Ms. Gooding. So that's why... Well, if we dismiss this, suppose we dismiss this, then what? Then the government can submit the proposed order of sale, the gooding lien and whether it still exists can be dealt with, and then the order of sale would, you know, would say that allow for the government to take possession of the property and for the U.S. Marshals to sell it and the priority of the distribution of the proceeds to the cost of sale, the gooding lien if it still exists and how much, then the government's tax money, and then to the taxpayer. Why couldn't the government have done any of that? What was stopping you from doing anything? Well, before the notice of appeal was filed, the government confessed error to the district court and then said, since we confessed error and we want to submit a more properly submitted, properly supported motion for summary judgment, we would like you to give us an extension on the sale order. And the court said yes. The court agreed, and that's what happened. And so we just think, you know, with the Supreme Court authority in Burlington on what is a properly appealable order, when the court contemplates further proceedings before it gives an order of sale, that that is not appealable. Well, let me ask you this. Let's say there's jurisdiction. Yes. You've already confessed error, so the grant of summary judgment for the government was improper. That's reversed. Okay. One of two things can now happen. Mr. Elmore says, I moved for summary judgment and I should have won. We could say, well, you know what, that's true. You should have won. So that would be one result. The other result would be back to the district court. If it's back to the district court, reversing the summary judgment in the government's favor, tell me what's the practical difference between that and saying we have no jurisdiction. Well, if the court has no jurisdiction, then it goes back down for the same thing. It would be they would take up where they left off. That's what we don't. Suppose we were. Let me just ask it again. Listen real carefully. Let's assume we have no jurisdiction, and then it goes back to the district court. Now let's assume we do have jurisdiction, but we have to reverse the summary judgment in your favor because of the government's error. At that point, we have two options, if you can keep three options on the table. The options at that point are we would say, well, Mr. Elmore actually wins because his summary judgment should have been granted. The government was just wrong. The other option is your summary judgment is reversed. We send the whole thing back to the district court. Under that latter option, what's the difference, the practical difference between that and sending it back because there's no jurisdiction? There's no difference that I can think of. Except arguably the district court, if we said there was no jurisdiction, arguably the district court could just do nothing, I guess. The district court could just say, I'm not going to reopen anything, right? Well, I don't. It doesn't seem like that would be a good thing to do since you're confessing error. Back in the World 60B land, now I can look at this? I think that he'd feel like he had power over the case and I think the government would move for summary judgment. Remove for summary judgment. File a renewed motion that we would argue was well supported that the district court could act on. Although I don't think the court has formally vacated its judgment. No, it hasn't. Suppose we punt on the, we're trying to figure out how to do this and make sure that it gets fixed. Suppose we punted on the jurisdictional question and took it as an appeal and the alternative  and go back and consider the government's additional, confession of error and additional submissions. What would be wrong with that? If the problem is that the formal grants have not been vacated, I think that would do the trick. Where would this leave Mr. Elmore? I mean, you know, basically, there's something unsettling about the procedure here and he's up and down and backwards because of the government's error. Is there anything to fix that? Well, I think this is a case about collecting taxes, trying to collect tax liabilities from somebody who hasn't filed. And, you know, the IRS didn't pick these numbers out of thin air. They were reported by third parties to it. And so, yes, litigation is time-consuming and it has its twists and turns. And, in fact, even cases with counsel, as you can see from this court's Citigroup case and Fifth Circuit's Citibank case, there's sometimes a lot of confusion about what orders in foreclosure cases are appealable. His problem isn't whether it's appealable, it's that now the government just says it didn't prove its case. I mean, that's just a very odd thing. And would that have ever come about if pro bono counsel hadn't have stepped forward? Well, the government confessed error before pro bono counsel stepped forward and, you know, the attorney who had been handling the case and just put in the certificates of assessment and payments, and they are presumptive in the ordinary case. And it's just the second lawyer took a look at it and said, oh, golly, we've got a Weimarskirch issue in this case and, you know, we think we should confess error. So as soon as she came in during the preparation of either the judgment or the order of sale, and that's what happened. But as a matter of, you know, justice, we think that the government is entitled to this money. So, I mean, we're still pursuing the case. He's not making a judgment on whether he owes the money, you know. It's hardly here in front of us at this point. But it's just the situation of what happens to a taxpayer caught when the government makes the mistake, apart from whatever liability there may be. So basically you're saying no remedy for him. I don't think there's a remedy for him because I think the case turns on whether he owes the taxes or not. And the government's position is that, you know, some of these tax years are very old. They go back to the 80s. And, you know, we are just trying to collect the money that the government is legitimately entitled to. Okay. I think we've taken enough of everybody's time. Thank you. Thank you. I'll be brief. Thank you. I think the court understands the jurisdiction issues, so I'm going to skip to a point that Judge McKeown touched on, and that is what's fair to Mr. Elmore here. And it would be manifestly unjust for a general remand for this case to start anew after six years of litigation. And let me tell you why. Mr. Elmore correctly argued the law. He said that the presumption of correctness does not attach until the government puts forward some evidence. The district court rejected that argument. Mr. Elmore moved for reconsideration, making the same point, and then he moved for summary judgment, making the same point. The Department of Justice, in contrast, did nothing or did worse. They did not file a reply brief in response to Mr. Elmore's opposition to summary judgment. They didn't correct the district court's error of law and instead moved to seize Mr. Elmore's home based on that error of law. They waited a year to have judgment entered in this case. They did not notify the district court of the correct law until two years after the district court's March 2006 order, and they did not timely file the Rule 60B motion to set aside judgment. On this record, it would be manifestly unjust to have a general remand. Any further questions? May I simply ask you a question concerning our pro bono program? You're from Washington? Correct. Is your firm signed up in our pro bono program from Washington? It's actually more me. Oh, it's you. Okay. I clerked for Judge Tallman and wanted to argue the case. Okay. Well, we thank you for your participation in the pro bono program, and we thank the government also for its patience in the questioning, and we will order the case submitted. Thank you. Thank you.
judges: Schroeder, McKeown, Callahan